**Yasmeen MANJIYANI, Petitioner,**

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

No. 01–70415.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2002.

Opinion vacated April 11, 2003.

Filed Sept. 9, 2003.

Timothy M. Greene, Greene & Lloyd, PLLC, Puyallup, WA, for Petitioner.

Regional Counsel Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Donald E. Keener, U.S. Department Of Justice, Office of Immigration Litigation, Michelle E. Gorden, Attorney, Washington, DC, for Respondent.

Before B. FLETCHER and GOULD, Circuit Judges, and MURGUIA, District Judge.*

* The Honorable Mary H. Murguia, United States District Court Judge for the District of Arizona, sitting by designation.

## ORDER VACATING OPINION AND GRANTING REHEARING

### ORDER

This matter is before the court on petitioner Yasmeen Manjiyani's petition for rehearing and petition for rehearing en banc, filed June 11, 2003. We grant the petition for rehearing and vacate our opinion: *Manjiyani v. INS*, 324 F.3d 1138 (9th Cir.2003). Manjiyani's petitions for rehearing arise from this court's denial of her petition to compel the BIA to reopen her deportation proceedings on the grounds that the INS failed to provide adequate notice. *See id.* Manjiyani contends that we erred in determining that she did not notify the INS in Los Angeles that she was in deportation proceedings in the forms that she filed with that office in her petition to adjust status and in which she informed the INS of her Upland, California, address. In her petition for rehearing, she argues that the INS was actually aware of her California address and failed to afford her due process when it sent notice of her deportation proceedings to her former addresses in Washington state. In support of her claim, she submitted her complete application to adjust status that included her Upland address and informed the INS office in Los Angeles that she was in deportation proceedings in Seattle.

Manjiyani requested, pursuant to Fed. R.App. P. 10(e), that we supplement the record on appeal to consider the complete application to adjust status as a basis for granting her petition to reopen. Under former § 106(a)(4) of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1105a(a)(4), which governs this case, a petition for review of a final agency order is a record review. Partial copies of the

application to adjust status were included in the record before the BIA and the complete application was in the files of the INS.[1] We granted Manjiyani's request to supplement in order to determine whether we should grant her petition for panel rehearing or rehearing en banc. We conclude that Manjiyani's supplemental evidence is adequate to reopen proceedings before the BIA to consider her evidence and to determine, in the first instance, whether to grant Manjiyani's petition to reopen her underlying deportation proceedings in light of the complete record.

Accordingly, we GRANT Manjiyani's petition for panel rehearing; VACATE our opinion in *Manjiyani v. INS*, 324 F.3d 1138 (9th Cir.2003); REMAND the case to the BIA for proceedings consistent with this order; and DENY as moot her petition for rehearing en banc.

---

1. We do not speculate as to the reason that only partial copies were included in the record, but note that Manjiyani's counsel before the BIA was Dan P. Danilov, who has since been suspended from the practice of law in Washington State and resigned from the bar of this court after he was brought up on disciplinary charges for failure to prosecute properly ten petitions for review of INS proceedings. *See In re Danilov,* No. 98–80043 (9th Cir. Jul. 22, 1998) (report and recommendation of the appellate commissioner).