**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 10a0395n.06**

**No. 09-1893**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

In re: SEIZURE OF $143,265.78 FROM CHECKING ACCOUNT NO. 1851349546 AND $28,687.40 FROM CHECKING ACCOUNT NO. 1080022185,

-------------------------------

UNITED STATES OF AMERICA,

      Respondent-Appellee,

      v.

COMERICA BANK,

      Claimant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
**Jul 02, 2010**
LEONARD GREEN, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

BEFORE: BOGGS, ROGERS, and COOK, Circuit Judges.

ROGERS, Circuit Judge. Comerica Bank seeks to set aside the administrative forfeiture of funds seized from two of its accounts when the account holders were indicted for visa forgery and money laundering. Comerica Bank asserts that the Government provided inadequate notice of the seizure and subsequent forfeiture of these funds, and in the alternative that a Comerica Bank attorney's communications to an Assistant U.S. Attorney constituted a timely and proper claim for the funds. The district court correctly held, however, that Comerica Bank is not entitled to set aside the forfeiture because the bank had notice of the seizure and because the attorney's unsworn communications to the AUSA did not independently constitute a valid claim.

Immigration and Customs Enforcement (ICE) seized $171,953.18 from two accounts at Comerica Bank's Livonia, Michigan branch when the account holders were indicted for visa forgery and money laundering. In the weeks after the seizure, Comerica Bank's attorney emailed a local Assistant U.S. Attorney that Comerica Bank was "gathering/organizing the loan documents in anticipation [of] subsequent forfeiture proceedings." In that email, and in a subsequent letter sent via U.S. mail, Comerica Bank's attorney alleged that Comerica Bank had a security interest in the funds, provided documentation for this alleged security interest, and requested that the AUSA notify Comerica Bank's attorney about proceedings involving these funds. Comerica Bank's attorney received neither a response to these communications nor notice of the forfeiture proceedings.

Comerica Bank, however, did receive notice of the forfeiture. Customs and Border Protection (CBP) sent a letter via certified U.S. mail to Comerica Bank's Livonia branch notifying Comerica Bank that, under 18 U.S.C. § 983(a)(2), it had 35 days to assert its interest in the seized funds before its right to contest forfeiture would be extinguished. After more than 35 days had passed, Comerica Bank's attorney sent a letter to CBP "requesting remission of th[e] forfeiture because [Comerica Bank] is an innocent owner and a victim of the criminal offense underlying the forfeiture of this property." Attached to this letter were a description of the funds seized, signed by a Comerica Bank officer; loan documents purporting to demonstrate the bank's interest in the funds; and the attorney's declaration, "under penalty of perjury that upon information and belief the foregoing petition, including any attachments thereto, is true and correct in every respect." CBP denied Comerica Bank's filing as untimely and improper, and later denied a supplemental filing that

included Comerica Bank's attorney's email and letter to the AUSA. Comerica Bank then moved in

the district court under 18 U.S.C. § 983(e) to set aside the forfeiture.

At the district court's hearing on the motion, another attorney for Comerica Bank described

the Government's proof of mailing and the bank's receipt of actual notice as follows:

The Court: Did the [Livonia] branch get the letter?

Ms. Ficks [for Comerica Bank]: They, to this day, never saw a letter, but I am not disputing that they have produced a notice that it was sent certified receipt.

The Court: Who is they?

Ms. Ficks: The U.S. Attorney's Office. We sent them a FOIA request, your Honor.

The Court: All right. So you got a green card.

Ms. Ficks: Yes. A green card that was not signed. They sent it certified mail, not restricted (sic) mail.

The Court: And it came back.

Ms. Ficks: Yes.

The Court: Indicating that it had been delivered.

Ms. Ficks: Yes, yes.

The Court: To the branch.

Ms. Ficks: Yes, the branch in Livonia, your Honor.

. . .

The Court: Well, at the . . . core of all of this is the desire for actual notification, isn't that fair?

Ms. Ficks: Yes, your honor, I think that is fair.

The Court: All right. Now, what you're arguing to me this afternoon sounds like an indication that the client received the information, did not send it to the attorney soon enough, but the attorney had asked that as a backstop for that that the attorney be notified, as well, simultaneously, correct?

Ms. Ficks: That would be fair.

The Court. All right. And so the contention, it sounds to me, is that because procedures weren't implemented to activate this backstop, failsafe, caution, that the actual notice sent to the client should be deemed improper, because the failure that you were trying to avoid eventuated, because the failsafe method wasn't used. Is that pretty much it?

Ms. Ficks: That is pretty much it, your Honor. . . .

The district court denied Comerica Bank's motion and concluded Comerica Bank had "actual knowledge of the seizure" based on the Government's seizure of the funds from accounts in Comerica Bank's possession, the Comerica Bank attorney's prompt communications to the AUSA after the seizure, and the bank's acknowledgment that the Government had shown the bank received the forfeiture notice. *In re: Seizure of $143,265.70 from Comerica Checking Account No.1851349546 and $28,687.40 from Checking Account No. 1080022185*, 616 F.Supp.2d 699, 705 (E.D. Mich. 2009). The district court concluded that Comerica Bank's attorney's communications to the AUSA did not require CBP to notify Comerica Bank's attorney of the forfeiture and that the notice sent to Comerica Bank's Livonia branch satisfied due process. *Id.* at 705-07. Although "it would have been courteous . . . for the government to provide notice in accordance with Comerica's request," the district court held that "[t]he mere fact that more could have been done does not make the effort at notice constitutionally suspect." *Id.* at 707. The district court also held that the Comerica Bank attorney's communications to the AUSA did not themselves constitute a valid claim

because they were not made under oath subject to penalty of perjury. *Id.* This timely appeal followed.

Comerica Bank may not set aside the forfeiture because, as the district court held, Comerica Bank knew of the seizure within sufficient time to file a timely claim. Because no valid and timely claim to the seized funds was filed in the agency, this forfeiture was resolved as an administrative forfeiture proceeding in the CBP without resort to a judicial forfeiture proceeding in district court. *See* Stefan D. Cassella, *The Civil Asset Forfeiture Reform Act of 2000: Expanded Government Forfeiture Authority And Strict Deadlines Imposed on All Parties*, 27 J. Legis. 97, 105 (2001). "Section 983(e) . . . set[s] forth an exclusive remedy for challenging a closed administrative forfeiture on the ground that the claimant did not receive proper notice." *Id.* at 107; *see* 18 U.S.C. § 983(e)(5). Under 18 U.S.C. § 983(e), "[a]ny person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice" may move to set aside a declaration of forfeiture of their interest in property, and the motion shall be granted if "(A) the Government knew . . . of the moving party's interest and failed to take reasonable steps to provide such party with notice; and (B) the moving party did not know . . . of the seizure within sufficient time to file a timely claim."

As the district court correctly held, Comerica Bank is not entitled to set aside the forfeiture because the bank knew of the seizure of the funds within sufficient time to file a timely claim. As the district court noted, the funds were actually seized from Comerica Bank and Comerica Bank's attorney promptly contacted the Government about subsequent forfeiture. Moreover, Comerica Bank

conceded below that CBP did send notice to the Livonia branch and that the bank had actual notice of the impending forfeiture. Therefore, although the result might differ if CBP had not notified the bank, Comerica Bank is not entitled to set aside the declaration of forfeiture in this case.

Comerica Bank refers to 18 U.S.C. § 983(a)'s "proper notice" standard, the standard that controls the type of notice the Government must provide known potential claimants after seizure and before forfeiture. If, as in this case, the deadline for filing a claim passes without a claim's being filed, a declaration of forfeiture is made. After a declaration of forfeiture is made, however, the relevant inquiry is, as discussed above, whether a known potential claimant can set aside the declaration of forfeiture under 18 U.S.C. § 983(e) by showing that the Government failed to take "reasonable steps" to notify the claimant and that the claimant did not know of the seizure within sufficient time to file a claim.

Comerica Bank argues that *Jones v. Flowers*, 547 U.S. 220, 235 (2006), requires the Government to take additional steps to notify Comerica Bank because the Government received only a delivery confirmation for the notice sent to the Livonia branch, not a signed receipt. This argument fails. In *Jones*, the Supreme Court held that, when the Government is "aware . . . that its attempt at notice has failed"—such as when a document mailed via certified mail is returned marked "unclaimed"—due process requires the Government to "take[] additional reasonable steps to notify [an interested party] if practicable to do so." *Id.* at 227, 234. Here, unlike in *Jones*, the Government was not aware that its attempt at notice had failed; therefore, the Government was not required to take additional reasonable steps to notify Comerica Bank.

Although 18 U.S.C. § 983(e) only refers to notice of seizure, Comerica Bank argues that the Government must also notify interested parties of an impending forfeiture. Even if the Government had some obligation to provide interested parties notice of forfeiture in addition to notice of seizure, Comerica Bank is not entitled to set aside the forfeiture because the Government gave notice of the impending forfeiture by certified mail with no indication that delivery failed.

We need not decide whether Comerica Bank, despite its failure to comply with the 35-day deadline set in CBP's notice, could set aside the forfeiture based on its filing a claim within 30 days of the final published notice of seizure. Under 18 U.S.C. § 983(a)(2)(B), a claimant who does not receive a personal notice letter must file a claim within 30 days of the final published notice of seizure. Assuming a claimant could appeal the agency's decision that its claim is untimely—such as, if the denied claim were filed within 30 days of the final published notice but not within the deadline provided in a notice letter that the claimant alleges he did not receive—Comerica Bank cannot set aside the forfeiture based on this argument because Comerica Bank conceded below that it received the personal notice letter, and therefore the 35-day deadline provided in that notice controls.

Comerica Bank's attorney's email and letter to the AUSA do not constitute a claim to the funds seized because these communications were not "made under oath, subject to penalty of perjury" as 18 U.S.C. § 983(a)(2)(C) requires. Generally, an attorney's signature does not fulfill a client's oath requirement because the oath must be made by a person with personal knowledge of the facts alleged therein. *United States v. Currency $267,961.07*, 916 F.2d 1104, 1108 (6th Cir.

1990); *United States v. One Men's Rolex Pearl Master Watch*, 357 F. App'x 624, 628 (6th Cir. 2009). Moreover, the email and letter were not in the form of a claim.

Although Comerica Bank may have substantially, albeit incompletely, complied with the statute's claim requirements, and the Government has notified potential claimants in other cases of defects in their claims, the statute neither permits such substantial compliance nor requires the Government to notify a claimant of defects in a purported claim. Therefore, Comerica Bank may not set aside the forfeiture based on substantial compliance or the Government's failure to notify it of defects in its filing. Comerica Bank also correctly notes that the Government does not challenge the authenticity and superiority of its interest in the funds and that its attorney's letter to the AUSA is similar to the bank's petition for remission. These facts do not change Comerica Bank's failure to file a valid claim.

*United States v. $22,050.00 United States Currency*, 595 F.3d 318 (6th Cir. 2010), is inapposite. In *United States v. $22,050*, the claimant had submitted a valid claim with the agency at the nonjudicial forfeiture stage, and the agency had referred the matter to the U.S. Attorney's Office for the filing of a complaint in a judicial forfeiture action. *Id.* at 319; *see* 18 U.S.C. § 983(a)(2)(C)(3). The U.S. Attorney's Office filed the complaint in the judicial forfeiture action, and the claimant failed to file a timely claim in the district court in response to that complaint. *$22,050*, 595 F.3d at 319. The Government sought, and was granted, default against the property, and immediately upon receiving notice of default, the claimant filed a verified claim in district court and moved to set aside the default. *Id.* This court held that, under Federal Rule of Civil Procedure 55,

the claimant was entitled to set aside the default in the judicial forfeiture action because he was a known claimant and because his untimely claim submitted to the district court complied with statutory claim requirements. *Id.* at 323-34. Here, by contrast, Comerica Bank failed to file a proper claim with the CBP at the nonjudicial forfeiture stage; therefore no judicial forfeiture action was initiated, the forfeiture was resolved within the CBP, and Federal Rule of Civil Procedure 55 is inapplicable.

For the foregoing reasons, the district court's decision is affirmed.