FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIAN RENDON, a.k.a. Julian Nunez-Rendon; et al., <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 06-71701 <br><br> Agency No. A091-427-137 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2010[**]
San Francisco, California

Before: HUG, RYMER and N.R. SMITH, Circuit Judges.

Julian Rendon, a native and citizen of Mexico, petitions for review of the

decision by the Immigration and Naturalization Service's Legalization Appeals

Unit (LAU). The LAU dismissed his appeal, of the Legalization Director's denial

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of his application for legalization under the Special Agricultural Workers (SAW) program, as untimely. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition for review.

The LAU's finding was neither an abuse of discretion nor directly contrary to the facts in the record taken as a whole. Rendon did not provide any evidence that supported his claim that he did not receive notice of the denial of his SAW application.[1] A conclusory statement that one did not receive notice is not sufficient to overcome a presumption of proper delivery in order to assert a due process claim. *See Sembiring v. Gonzales*, 499 F.3d 981, 989-90 (9th Cir. 2007). The INS took the necessary "additional reasonable steps" to locate Rendon's address after the August 14, 1992 Notice of Intent to Deny (sent by certified mail to Rendon's address of record) was returned unclaimed. *See Jones v. Flowers*, 547 U.S. 220, 234 (2006). The INS then sent a second Notice of Intent to Deny to the last address provided by Rendon (in correspondence to the INS). Although the second notice was also returned unclaimed, the Notice of Decision mailed to the same address was not returned. Thus, it is presumed that it was received. *See Busquets-Ivars v. Ashcroft*, 333 F.3d 1008, 1009 (9th Cir. 2003) ("[I]t is presumed

---

[1] Nor does Rendon show that the Douglas Immigration and Naturalization Service (INS) office was actually aware of his application to adjust status. *Cf. Manjiyani v. Ashcroft*, 343 F.3d 1018, 1020 (9th Cir. 2003).

2

that a properly-addressed piece of mail placed in the care of the Postal Service has been delivered." (quoting *Mulder v. Comm'r*, 885 F.2d 208, 212 (5th Cir. 1988)). Therefore, the LAU did not abuse its discretion in finding the appeal untimely.

**PETITION FOR REVIEW DENIED.**