# SUPREME COURT OF THE UNITED STATES

## WHITNEY HARPER *v.* MAVERICK RECORDING COMPANY ET AL.

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 10–94.   Decided November 29, 2010

The petition for a writ of certiorari is denied.

JUSTICE ALITO, dissenting from denial of certiorari.

I would grant the petition to consider the question whether 17 U. S. C. §402(d) applies when a person is found to have engaged in copyright infringement by downloading digital music files. Under §504(c)(1), an infringer is ordinarily liable for statutory damages of "not less than $750 or more than $30,000" per work infringed. In a case involving an "innocent infringer," however, the minimum statutory damages that must be awarded are reduced. Specifically, if the infringer proves that he or she "was not aware and had no reason to believe that his or her acts constituted an infringement," then the minimum statutory damages per violation are $200. §504(c)(2).

In this case, a 16-year-old was found to have infringed respondents' copyrights by downloading digital music files. The District Court held that there were genuine issues of fact on whether she qualified as an innocent infringer, but the Court of Appeals reversed, concluding that another provision, §402(d) foreclosed the innocent-infringer defense as a matter of law. Section 402(d) provides, with an exception not relevant here, that if a prescribed notice of copyright "appears on the published *phonorecord* or *phonorecords* to which a defendant . . . had access, then no weight shall be given to . . . a defendant's interposition of a defense based on innocent infringement in mitigation of actual or statutory damages." (Emphasis added.) The

term "phonorecords" is defined as including only "material objects."[1]

There is a strong argument that §402(d) does not apply in a case involving the downloading of digital music files. This provision was adopted in 1988, well before digital music files became available on the Internet. See Berne Convention Implementation Act, §7, 102 Stat. 2857. The theory of §402(d) appears to be that a person who copies music from a material object bearing the prescribed copyright notice is deemed to have "reason to believe that his or her acts constituted an infringement," §504(c)(2). But a person who downloads a digital music file generally does not see any material object bearing a copyright notice, and accordingly there is force to the argument that §402(d) does not apply. In such a case, the question would simply be whether the infringer "was . . . aware and had . . . reason to believe," §504(c)(2), that the downloading was illegal.

The Court of Appeals in the present case adopted a very different interpretation of §402(d). The court held that the innocent infringer defense was "foreclose[d] . . . as a matter of law" because (1) respondents "provided proper notice on each of the published phonorecords from which the audio files were taken" before they were made available on a file-sharing network and (2) petitioner relied solely on §504(c)(2) and did not dispute her "access" to the phonorecords under §402(d). 598 F. 3d 193, 198–199 (CA5 2010). Under this interpretation, it is not necessary that the

---

[1] Specifically, 17 U. S. C. §101 provides:

"'Phonorecords' are material objects in which sounds, other than those accompanying a motion picture or other audiovisual work, are fixed by any method now known or later developed, and from which the sounds can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. The term 'phonorecords' includes the material object in which the sounds are first fixed."

infringer actually see a material object with the copyright notice. It is enough that the infringer could have ascertained that the work was copyrighted.[2] The Fifth Circuit did not specify what sort of inquiry a person who downloads digital music files is required to make in order to preserve the §402(d) defense, but it may be that the court had in mind such things as research on the Internet or a visit to a local store in search of a compact disc containing the songs in question. In any event, the Court of Appeals rejected petitioner's argument that her youth and lack of legal sophistication were relevant considerations—a conclusion that would not necessarily be correct if the determinative question were simply whether petitioner had "reason to believe" that her actions were illegal. Although "reason to believe" is an objective standard, it is by no means clear that certain objective characteristics of the infringer—such as age—may not be taken into account.

The Fifth Circuit's decision may or may not set out a sensible rule for the post-"phonorecord" age, but it is at least questionable whether the decision correctly interprets §402(d). Although there are now no conflicting Circuit decisions, I would grant review in this case because not many cases presenting this issue are likely to reach the Courts of Appeals. The Court has decided not to grant review at this time, but if a conflict in the Circuits develops in the future, the question presented, in my judgment, is important enough to warrant review.

―――――――――

[2] In *BMG Music* v. *Gonzalez*, 430 F. 3d 888 (2005), the Seventh Circuit adopted a similar interpretation of §402(d).