# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 11, 2011

No. 10-41274

Lyle W. Cayce
Clerk

ADRIANA ECHAVARRIA, in their own name and right, and on behalf of all others similarly situated; JUAN LARIN-ULLOA,

Plaintiffs - Appellees

v.

MICHAEL J. PITTS, District Director for Interior Enforcement, Department of Homeland Security; JANET NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND SECURITY,

Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Texas

Before SMITH, DeMOSS, and OWEN, Circuit Judges.

Harold R. DeMoss, Jr., Circuit Judge:

This appeal asks us to consider whether, in order to satisfy due process, the government must take additional reasonable steps to notify a bond obligor that the bond has been breached when the government has knowledge that the initial attempt at notice failed. We hold that in such circumstances additional reasonable steps must be taken.

No. 10-41274

I.

When an alien has been detained by the Department of Homeland Security (DHS), an obligor may post a $1,500 cash bond to secure the alien's release. The obligor signs an agreement with DHS, agreeing to be responsible for informing DHS of the alien's whereabouts and to ensure the alien's appearance at subsequent interviews, hearings, and, if necessary, for deportation. The obligor further agrees that DHS may send notice to the obligor at the address specified in the bond agreement. DHS notifies the bond obligor of a demand on the bond by mailing notice to the obligor at the address listed in the bond agreement by certified mail return receipt requested. If the notice is returned as undeliverable for any reason, DHS immediately declares the bond breached. DHS sends notice of the breach to the same address. DHS does not attempt to resend notice of the bond demand to the obligor by any other means. The bonded alien eventually receives notice of the bond demand directly from DHS.

Appellees filed suit, asserting that their due process rights were violated when DHS failed to make additional attempts at service after it had knowledge that the initial attempt at notice failed. The district court certified four classes, two of which are parties on appeal: the Obligor Cash Bond Class (the Obligor Class) and the Immigration Cash Bond Class (the Immigration Class). The Obligor Class seeks reinstatement or reinstatement and cancellation of bonds already breached. Each member of the Obligor Class received notice of all demands sent prior to the undelivered demand. Adriana Echavarria, class representative of the Obligor Class, admits that she did not notify DHS of her new address, resulting in the bond demand being returned to DHS as undeliverable. The members of the Immigration Class are bond obligors for aliens currently out on cash bonds and seek prospective relief requiring DHS to take additional reasonable steps to notify an obligor on future bond demands that are returned as undeliverable. The parties filed cross motions for summary

No. 10-41274

judgment. The district court granted Appellees' motion, finding that Appellants violated Appellees' due process rights by failing to take additional reasonable steps to notify the obligors of the bond demand.  Appellants timely appealed.

## II.

We review a district court's determination on a motion for summary judgment de novo, applying the same legal standards as the district court. *See Maverick Recording Co. v. Harper*, 598 F.3d 193, 195 (5th Cir. 2010).  Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Due process requires that the government provide "notice and opportunity for hearing appropriate to the nature of the case" before depriving persons of their property. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). To satisfy the requirements of due process, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at 314. Generally, notice of a bond demand may be satisfied by sending the notice certified mail return receipt requested. *See* 8 C.F.R. § 103.5a(a)(2)(iv). This case requires us to determine whether such notice is sufficient when the sender knows that the notice was not received.[1]

The Supreme Court addressed this issue in *Jones v. Flowers*, 547 U.S. 220 (2006). In *Jones*, the Court was tasked with determining whether the State of

---

[1] DHS asserts that the bond obligors contractually agreed to what constituted sufficient notice and as such this matter should be analyzed under general contract principles. However, the bond obligors were deprived of a constitutionally protected property interest by action of the government, which requires that notice of the deprivation meet due process requirements unless the obligors waived their due process rights. *See Davis Oil Co. v. Mills*, 873 F.2d 774, 787 (5th Cir. 1989). "[A] waiver of constitutional rights is not effective unless the right is intentionally and knowingly relinquished." *Id*. The bond obligor's agreement to receive notice at the address provided in the bond agreement does not clearly establish that the obligors intentionally and knowingly waived their due process rights.

No. 10-41274

Arkansas provided constitutionally sufficient notice to deprive a taxpayer of his home when notices of a tax deficiency and forfeiture of the property were mailed to the taxpayer by certified mail but were returned to the State as "unclaimed." 547 U.S. at 223-24. The State asserted that mailing the letters was sufficient to satisfy due process notice requirements. *Id.* at 226. The Court noted that in cases where courts had found that mailing a letter via certified mail was sufficient notice, the sender had no reason to know that "anything had gone awry." *Id.* Those cases did not answer "whether due process entails further responsibility when the government becomes aware prior to the taking that its attempt at notice has failed." *Id.* at 227. Because notice varies with the circumstances and conditions presented, the Court looked to whether knowledge of unsuccessful service was a "circumstance and condition that varies the notice required." *Id.* (quotations omitted). The Court did not "think that a person who actually desired to inform a real property owner of an impending tax sale of a house he owns would do nothing when a certified letter sent to the owner is returned unclaimed." *Id.* at 229; *see also Mullane*, 339 U.S. at 315 ("[W]hen notice is a person's due . . . [t]he means employed must be such as one desirous of actually informing the absentee."). When the government has knowledge that notice was not effected, it cannot "simply ignore" that information. *Jones*, 547 U.S. at 237. The Court held that, under such circumstances, the State "should have taken additional reasonable steps to notify [the taxpayer], if practicable to do so." *Id.* at 234.

Appellants argue that *Jones* should not apply in the immigration bond context. Although *Jones* has not previously been applied in this context, other courts have applied *Jones* outside the real property forfeiture context.[2] We

---

[2] *See, e.g.*, *Rendon v. Holder*, 400 F. App'x 218, 219 (9th Cir. 2010) (unpublished) (finding that the INS took "additional reasonable steps" to notify alien of the denial of his application for legalization); *Peralta-Cabrera v. Gonzales*, 501 F.3d 837, 845 (7th Cir. 2007)

4

No. 10-41274

recognize that an irreversible loss of a person's home is a more significant deprivation than the loss of $1,500. We also note that the bond obligors made no attempt to inform the DHS of their new addresses. Appellants offer no persuasive reason that the general principle of requiring additional reasonable steps when the sender knows that notice was not received should be rejected in these circumstances. *See Jones*, 547 U.S. at 232 (finding that the taxpayer did not forfeit his right to constitutionally sufficient notice when he failed to update his address with the State as was required by statute). As such, we find that when Appellants knew that the bond demands were returned as undeliverable, due process required that Appellants take additional reasonable steps to notify the bond obligors of the bond demands.

### III.

Having found that *Jones* requires DHS to take additional reasonable steps to notify the Appellees, Appellants argue that the district court ordered it to take steps that exceed the holding of *Jones*. The Court did not set forth a standard for what constitutes "additional reasonable steps." *Jones*, 547 U.S. at 234. Rather, it limited its discussion to steps the State could have taken under the facts before it. *Id*. at 234-37. *Jones* held that "reasonable followup measures" would

---

(noting in denial of alien's motion to reopen deportation proceedings that "it is the government's responsibility to ensure that notice by mail is successfully delivered"); *Crum v. Vincent*, 493 F.3d 988, 992-93 (8th Cir. 2007) (finding that *Jones* did not apply when defendant admitted to receiving notice of the revocation of his medical license); *Rodriguez v. Drug Enforcement Admin.*, 219 F. App'x 22, 23 (1st Cir. 2007) (unpublished) (finding that notice of forfeiture of $1,905 was inadequate if government knew notice did not reach appellant); *Yi Tu v. Nat'l Transp. Safety Bd.*, 470 F.3d 941, 945-46 (9th Cir. 2006) (finding that notice was insufficient when government had knowledge that notice of suspension pilot license would not reach petitioner); *United States v. One Star Class Sloop Sailboat*, 458 F.3d 16, 23 n.7 & 25 (1st Cir. 2006) (finding that government should have taken additional steps to locate and notify joint owner of sailboat of pending civil forfeiture); *cf. In re Seizure of $143,265.78 FROM CHECKING ACCOUNT NO. 1851349546*, 384 F. App'x 471, 474-75 (6th Cir. 2010) (declining to apply *Jones* where there was no evidence that the government was aware that its attempts at notice had failed).

5

include resending the notice by regular mail, posting notice on the front door, or addressing the notice to "occupant." *Id*. at 235.

In the present matter, the district court held that "[t]he relief requested by Obligor Plaintiffs does not require the Court to pronounce the steps Defendants should have taken. It is enough to find that additional reasonable steps were in fact available, and were not used, and in this case Defendants have provided no evidence to suggest that these steps did not exist." With respect to the Immigration Bond Class, the district court held that the I-352 form "requires the obligor to provide his or her name, address, telephone number, and taxpayer identification number. Therefore, additional information that could be used to locate the obligor is readily available to DHS." To the extent the district court held that DHS should search a government database using the taxpayer identification number, such finding would exceed the import of *Jones*. Under these circumstances, searching government records for updated contact information is neither practicable nor constitutionally required. *See Jones*, 547 U.S. at 235-36 (holding that the State was not required to search the phone book or other government records in order to find taxpayer's new address because such searches impose "burdens on the State significantly greater than the several relatively easy options" otherwise available).

With respect to the Obligor Bond Class, the district court found that the reasonable steps available to DHS included reference to the bond contract and the A-file[3] of the bonded immigrant for alternate contact information. We decline to establish any specific finding as to what constitutes additional reasonable steps and we find no error with the district court's holding in these circumstances. "Although the Government is not required to undertake 'heroic efforts,' it must fulfill *Mullane*'s command that the effort be 'reasonably

---

[3] An "A-file" is the file DHS keeps on the bonded alien.

No. 10-41274

calculated' to provide notice." *Taylor v. United States*, 483 F.3d 385, 388 (5th Cir. 2007) (quoting *Dusenbery v. United States*, 534 U.S. 161, 170 (2002)). The A-file is readily accessible to DHS. When the government can attempt to ascertain the necessary information through such minimal effort, it is incumbent on the government to do so.

## IV.

For the foregoing reasons, we find that DHS violated the bond obligor's due process rights when it failed to take additional reasonable steps to notify the obligors of the bond demand after the initial notice was returned as undeliverable before it collected on the bond. The district court's order granting summary judgment is affirmed.

AFFIRMED.