# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 29, 2012

No. 12-30085
Summary Calendar

Lyle W. Cayce
Clerk

DE ROME A. SEALS,

Plaintiff–Appellant,

v.

HERZING INCORPORATED - NEW ORLEANS,

Defendant–Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-2848

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

DeRome Seals appeals the district court's decision to enforce as a settlement agreement the Confidential Consent Award he entered into with Herzing Incorporated - New Orleans (Herzing) along with the district court's rulings on several other motions.  We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30085

## I

Herzing, a private corporation, operates Herzing University in New Orleans, Louisiana. Following Seals's dismissal from the university's paralegal program and its return of his Federal Pell Grant to the United States Department of Education, Seals filed suit against Herzing. Herzing responded by filing a Motion to Dismiss and Compel Arbitration, which relied upon an arbitration agreement that Seals signed in connection with his enrollment at the university. The district court granted the motion to compel arbitration and ordered the federal action stayed and administratively closed pending completion of arbitration. The parties then submitted their dispute to the American Arbitration Association. While arbitration was pending, Herzing filed a counterclaim seeking $4,930 owed for tuition, and Seals answered and denied the counterclaim.

A two-day arbitration hearing was scheduled. Seals proceeded pro se prior to the hearing, but he retained counsel for the hearing itself. On the hearing's second day, the parties agreed to settlement terms. The terms were read on the record at the arbitration hearing, and Seals was permitted to ask questions concerning them. After receiving clarification, Seals agreed that he was comfortable with the agreement. A Confidential Consent Award was then prepared, which reduced the terms of the agreement to writing, and it was signed by the parties, their attorneys, and the arbitrator. The Confidential Consent Award was then read on the record at the arbitration hearing, and Seals again stated that he was comfortable with the agreement.

Within days of signing the Confidential Consent Award, Seals filed a Motion and Order to Suppress Confidential Consent Award (Motion to Suppress) in the district court. He claimed that he had accepted Herzing's offer at the arbitration hearing only because his attorney had made a misrepresentation and had pressured him to do so. Seals attached a copy of the Confidential Consent

2

No. 12-30085

Award to the motion.  In response, Herzing filed a Motion to Enforce Settlement Agreement, to Deposit Settlement Funds into Registry of the Court and to Award Attorneys' Fees and Costs (Motion to Enforce), a Motion to Place Exhibits Under Seal (Motion to Seal), and its opposition to Seals's Motion to Suppress. Herzing also moved for expedited consideration of its Motion to Seal.  Seals then filed a motion in opposition to Herzing's Motion to Enforce, a Motion and Order for Leave of Court to File Amendment to the Complaint (Motion to Amend), and a Motion in Opposition to the Defendant/Respondent's Motion for an Expedited Placement of Exhibits "A" and "B" Under Seal.  Subsequently, Herzing filed its opposition to Seals's Motion to Amend.

The district court granted expedited review of Herzing's Motion to Seal. The court recognized Seals's motion opposing expedited review, but noted that it did not advance any argument concerning expediting review; instead, it seemed to address the merits of Herzing's Motion to Seal.  Later, the court issued orders addressing the remaining motions.  First, the court granted Herzing's Motion to Seal and ordered that the exhibits relating to the parties' confidential settlement agreement be placed under seal.  Next, the court denied Seals's Motion to Suppress and granted Herzing's motion to enforce the settlement agreement on the grounds that: (1) "it [was] undisputed that Seals and Herzing entered into a valid written compromise," (2) the record did not support Seals's suggestion that his lawyer pressured him into settling his claims, and (3) "there [was] no evidence showing that the compromise [was] invalid." The court determined that the request to deposits funds into the court's registry was premature.  Finally, the court "agree[d] that [Seals's] motion [was] unsupportable and that Herzing [was], therefore, entitled to a reasonable award of attorney's fees and costs associated with opposing [Seals's] motion to suppress and pursuing its own motion to enforce the settlement." The court denied Seals's Motion to Amend because "the settlement agreement [was] valid and

3

No. 12-30085

enforceable," and "[a] valid compromise precludes the parties from litigating the matter that was compromised."

Seals filed a Notice of Appeal following the district court's rulings on the various motions. He seeks review of the district court's orders (1) denying his Motion to Suppress and granting Herzing's motion to enforce the settlement agreement, (2) granting Herzing's Motion to Seal, (3) granting Herzing's request for attorneys' fees, and (4) denying his Motion to Amend.

## II

We have jurisdiction to consider this appeal pursuant to 28 U.S.C. § 1291 because the district court's orders dispose of the entire controversy.[1] This is unaffected by the fact that the exact amount of attorneys' fees and costs to be awarded to Herzing remains to be determined.[2]

We first address Seals's argument that the district court erred in denying his Motion to Suppress and granting Herzing's motion to enforce the settlement agreement. On appeal, Seals contends that the Confidential Consent Award cannot be enforced as a settlement agreement because the two documents—the Confidential Consent Award and a settlement agreement—are distinct. Before the district court, however, he argued that the Confidential Consent Award should not be enforced because he "was under duress" as a result of his attorney making a misrepresentation and pressuring him to settle. He only alluded to the argument he now presses on appeal in two lines at the beginning of his motion in opposition to Herzing's Motion to Enforce. Because this argument was only

---

[1] *See Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 705 (5th Cir. 1994) ("A decision is 'final' when it 'dispose[s] of the entire controversy and leave[s] nothing further for the court to do in the cause.'" (alteration in original) (quoting *Anastasiadis v. S.S. Little John*, 339 F.2d 538, 539 (5th Cir. 1964)); *see also Mass. Cas. Ins. Co. v. Forman*, 469 F.2d 259, 260 (5th Cir. 1972) (per curiam).

[2] *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202-03 (1988).

4

presented to the district court in a cursory manner, it has not been preserved for appeal, and we will not consider it.[3]

Next, we consider Seals's argument that the district court erred in granting Herzing's Motion to Seal. "[W]e review the district court's decision to seal the settlement agreement for abuse of discretion."[4] Seals first argues that sealing his Exhibit 1 (Confidential Consent Award) and Herzing's Exhibits A (Confidential Consent Award) and B (arbitration transcript) was against public policy because "transparency is in order." "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."[5] However, "the right to inspect and copy judicial records is not absolute," and "[e]very court has supervisory power over its own records and files."[6] Here, paragraph six of the Confidential Consent Award states, "All parties to the litigation and arbitration and their attorneys agree to keep the amounts and terms of the settlement confidential. Claimant understands and agrees that this confidentiality and non-disclosure agreement was a material inducement for Herzing to enter into this Agreement, and that it has value to Herzing." In light of the parties' agreement to maintain confidentiality, the express statement that confidentiality was a material inducement for Herzing to settle, the fact that "public policy favors voluntary settlements,"[7] and the limitation of the district

---

[3] *See Maverick Recording Co. v. Harper*, 598 F.3d 193, 197-98 (5th Cir. 2010) ("Harper, however, waived her constitutional challenge by failing to raise it below in a manner that would allow the district court to rule on it."); *St. Paul Fire & Marine Ins. Co. v. Convalescent Servs., Inc.*, 193 F.3d 340, 346 (5th Cir. 1999) ("We refuse to consider claims that were not properly raised in the district court.").

[4] *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).

[5] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

[6] *Id.* at 598.

[7] *Bass v. Phoenix Seadrill/78, Ltd.*, 749 F.2d 1154, 1164 (5th Cir. 1985).

5

No. 12-30085

court's order to these three exhibits, we conclude that the district court did not abuse its discretion in ordering these exhibits sealed.

Seals also argues that sealing the exhibits was improper because he disputed the authenticity of Exhibits A and B, but the district court ordered them sealed before he had an opportunity to view them. This argument is without merit because the district court's order sealing the exhibits in no way affected Seals's access to the documents as a party to the matter or his ability to challenge their authenticity.

Seals next challenges the district court's award of attorneys' fees and costs to Herzing, and Herzing defends the award by asserting that the district court acted in accordance with its inherent power. "We review a court's imposition of sanctions under its inherent power for abuse of discretion."[8] Pursuant to its inherent power, "a court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"[9] The district court awarded Herzing its attorneys' fees and costs associated with opposing Seals's Motion to Suppress and pursuing its motion to enforce the settlement agreement because Seals's Motion to Suppress was "unsupportable." In its order, the district court stated that "Seals' unsupported suggestion that his lawyer somehow forced him to settle his claims is not only unfounded in the record, it falls well short of establishing duress. And dangerously borders on frivolous." Seals has failed to demonstrate that the district court abused its discretion. Nothing in Seals's appellate brief or the record leads us to question the district court's conclusion that Seals's Motion to Suppress was without justification, and in the analogous context of an arbitral award (as opposed to a settlement agreement entered into in the course of an arbitration), we have held that a

---

[8] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991).

[9] *Id.* at 45-46 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975)) (internal quotation marks omitted).

No. 12-30085

party's refusal to abide by the award "without justification" qualifies as vexatious behavior that can support the award of attorneys' fees by a federal court.[10]

Finally, Seals challenges the denial of his Motion to Amend. We review the district court's denial of Seals's Motion to Amend for abuse of discretion.[11] The district court denied Seals's motion based on Article 3080 of the Louisiana Civil Code, having determined that Seals entered into a valid and enforceable settlement agreement with Herzing that resolved his claims.[12] The district court explained that Seals could not, by amending his complaint, "resurrect claims that he agreed to release." Seals challenges the denial of his motion on the ground that his claims against Herzing were not litigated, but his argument is without merit because the settlement agreement he entered into with Herzing resolved his claims in lieu of litigation, and in the settlement agreement Seals expressly agreed to "execute a complete release of all claims against Herzing" and that "[t]here [would] be no reservation of any nature against Herzing." Accordingly, the district court did not abuse its discretion in denying Seals's Motion to Amend.

*　　　*　　　*

AFFIRMED.

---

[10] *Specialty Healthcare Mgmt., Inc. v. St. Mary Parish Hosp.*, 220 F.3d 650, 658 (5th Cir. 2000) (citing *Chambers*, 501 U.S. at 45-46; *Int'l Ass'n of Machinists & Aerospace Workers, Dist. 776 v. Tex. Steel Co.*, 639 F.2d 279, 283 (5th Cir. Unit A Mar. 1981)).

[11] *Luera v. M/V Alberta*, 635 F.3d 181, 186 (5th Cir. 2011) (citing *Ayanbadejo v. Chertoff*, 517 F.3d 273, 276 (5th Cir. 2008) (per curiam)).

[12] *See* LA. CIV. CODE ANN. art. 3080 ("A compromise precludes the parties from bringing a subsequent action based upon the matter that was compromised.").