# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 9, 2010

No. 09-50436
Summary Calendar

Charles R. Fulbruge III
Clerk

M.L. AS NEXT FRIEND OF A.L.,

Plaintiff - Appellant

v.

EL PASO INDEPENDENT SCHOOL DISTRICT,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-cv-00076-KC

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant A.L., through his mother M.L., appeals the district court's dismissal of his complaint under the Individuals with Disabilities Education Act ("IDEA") as moot and the district court's order allowing the El Paso Independent School District ("EPISD") to reevaluate him without his mother's consent. For the following reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50436

## I. FACTUAL AND PROCEDURAL HISTORY

Appellant is a student in the EPISD where he was identified as a student with a speech impairment. Because of his impairment, an Admission, Review, and Dismissal Committee ("ARD Committee") determined that Appellant required, among other things, sixty minutes of speech-language pathology services a week.[1]

In 2006, Appellant's mother, M.L., received a letter which informed her that the school district was experiencing a shortage of qualified speech therapists and that, as a consequence, some of Appellant's speech therapy sessions had been missed. The letter also stated that EPISD would convene an ARD Committee to determine the frequency and duration of any compensatory services required for the missed sessions. EPISD admits that no such ARD Committee meeting was held after this letter and that Appellant has not been provided with such services.

On October 5, 2007, an ARD Committee met to conduct its annual review of Appellant's individual educational program, as well as Appellant's progress under that program. Appellant's individual educational program was tailored to his specific speech needs ("speech-IEP"). After reviewing Appellant's progress, the ARD Committee determined that Appellant was no longer speech disabled and, therefore, no longer eligible for special education services. M.L. disagreed with the committee's determination and requested an additional evaluation of Appellant. The committee agreed and recessed the meeting until October 22,

---

[1] The free appropriate public education that a disabled student is entitled to receive under the IDEA must be tailored to the student's need through an individual educational program, which is "a written statement prepared at a meeting attended by a qualified representative of the school district, a teacher, the child's parents or guardians, and, when appropriate, the child himself." *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 247 (5th Cir. 1997). "In Texas, the persons charged with preparing an [individual educational program] are known collectively as an Admissions, Review and Dismissal Committee." *Id.*

2007. M.L. did not raise the issue of compensatory speech services at this meeting.

The ARD Committee reconvened on November 1, 2007, after canceling the October 22 meeting due to the unavailability of Appellant's counsel. Although Appellant's counsel was aware of the meeting, neither M.L. nor Appellant's counsel attended the meeting. The ARD Committee reviewed its previous decision and again concluded that Appellant was no longer speech disabled and that he no longer needed speech therapy services. The committee also concluded that EPISD should conduct an additional full individual evaluation ("FIE") of Appellant in order to determine whether Appellant suffered from Attention Deficit Hyperactivity Disorder ("ADHD"). M.L. refused to give her consent to the additional FIE, and, because of her refusal, EPISD was barred by the IDEA from conducting the additional evaluation.

Although the ARD Committee had postponed its meeting until November 1 at the request of Appellant's counsel, Appellant, through his mother M.L., did not wait for the November 1 meeting to occur before initiating administrative proceedings against EPISD. On October 10, 2007, Appellant filed a due process compliant ("Due Process Complaint") with the Texas Education Agency ("TEA"), and the TEA assigned a Special Education Hearing Officer ("Hearing Officer") to hear Appellant's complaint. After receiving Appellant's complaint, EPISD attempted to settle with Appellant by making several unsuccessful offers, which included an offer to provide Appellant with one hour of compensatory services for each hour he missed. Appellant did not accept any of EPISD's offers. Asserting that its settlement offers had provided Appellant with all the relief he requested, EPISD moved to dismiss Appellant's Due Process Complaint as moot. EPISD also filed a counterclaim, seeking permission to reevaluate Appellant for ADHD without M.L.'s consent. The Hearing Officer granted EPISD's motion to dismiss, finding that EPISD's settlement offers had mooted Appellant's

No. 09-50436

complaint. The Hearing Officer denied EPISD's counterclaim, holding that 20 U.S.C. § 1414(a)(2)(B)(i) prohibited any reevaluation of Appellant because the school district had already evaluated Appellant once in 2007 and M.L. refused to consent to an additional evaluation.

Aggrieved by the Hearing Officer's dismissal, Appellant filed a complaint in the district court, requesting reinstatement of his Due Process Complaint, and EPISD filed a counterclaim, seeking permission to reevaluate Appellant without M.L.'s consent.[2] EPISD again asserted that Appellant's complaint was moot; however, instead of solely relying on its settlement offers, EPISD also argued that Appellant's complaint was mooted by the fact that Appellant was no longer speech disabled. The district court agreed with EPISD's speech-disability argument and dismissed Appellant's complaint as moot. EPISD also moved for summary judgment on its counterclaim, and the district court granted its motion. This appeal followed.

## II. DISCUSSION

Appellant asserts that the district court erred in dismissing his complaint as moot and in granting EPISD's motion for summary judgment on its counterclaim. Finding no reversible error, we AFFIRM.

## A.   Appellant's Complaint

The district court found that Appellant's complaint was moot because he was no longer speech disabled.[3] Whether a case is moot is a question of law that

---

[2] EPISD also brought a Third-Party Complaint that sought attorney's fees from Appellant's counsel. Finding that Appellant's counsel continued to litigate Appellant's claims after they became frivolous, unreasonable, and without foundation, the district court awarded EPISD attorney's fees under 20 U.S.C. § 1415(i)(3)(B)(i)(II). The district court's award of attorney's fees was separately appealed and docketed under Case No. 09-50841. It is not before us here.

[3] The district court did not decide whether EPISD's settlement offers mooted Appellant's complaint. Because we find that the district court did not err in dismissing Appellant's complaint based on the fact that he was no longer speech disabled, we do not reach the issue of whether EPISD's settlement offers were sufficient to moot Appellant's complaint.

4

we review de novo. *Bayou Liberty Ass'n v. U.S. Army Corps of Eng'rs*, 217 F.3d 393, 396 (5th Cir. 2000) (citing *Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 1989)). We find that the district court did not err in dismissing Appellant's complaint as moot.[4]

Appellant argues that the district court erred in dismissing his complaint because he did not have an opportunity to contest whether he was speech disabled. This contention is erroneous because Appellant had the opportunity to contest this fact in the district court; instead of contesting it, Appellant simply remained silent—he offered no argument in rebuttal nor any evidence to contradict EPISD's assertion that he was no longer speech disabled.[5]

Appellant also argues that the district court did not have jurisdiction to consider whether he was speech disabled because the issue was not raised and litigated before the Hearing Officer. The district court considered the issue of Appellant's speech disability because Appellant's case would be moot if he was not speech disabled. The question of mootness is a jurisdictional matter, *Bailey*

---

[4] Appellant's complaint in the district court sought reinstatement of his Due Process Complaint, which requested that EPISD provide the following forms of relief: (1) notice to M.L. of any changes to Appellant's speech-IEP; (2) speech services as required by Appellant's speech-IEP; (3) compensatory speech services; and (2) an ARD committee meeting to develop goals for Appellant's compensatory speech therapy services. Because Appellant is no longer speech disabled, his speech-IEP is no longer applicable and he no longer requires any speech therapy services; therefore, Appellant's claims are moot. *See Bd. of Educ. of Downers Grove Grade Sch. Dist. No. 58 v. Steven L.*, 89 F.3d 464, 467-68 (7th Cir. 1999) (finding that a complaint regarding a student's IEP was mooted by the fact that the IEP was no longer applicable to the student). The request for "compensatory" speech therapy for an impediment that no longer exists does not present a "live" case or controversy.

[5] In his brief, Appellant argues that he continues to be classified as speech impaired and continues to receive speech therapy pursuant to the IDEA's "stay put" provision, 20 U.S.C. § 1415(j) (stating that "during the pendency of any proceedings conducted [under the IDEA,] the child shall remain in the then-current educational placement"). Appellant asserts that these facts show that his complaint is not moot. These facts, however, just show that EPISD is abiding by the IDEA's requirement that Appellant remain in his then-current educational placement during the pendency of this litigation; they do not show that the district court erred in finding that Appellant was no longer speech disabled.

No. 09-50436

*v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987), and "a federal court always has jurisdiction to determine its own jurisdiction," *United States v. Ruiz*, 536 U.S. 622, 628 (2002). Because the question of mootness is jurisdictional, it can be raised at any time by any party or by the court sua sponte. *See Bailey*, 821 F.2d at 278. Accordingly, even in IDEA cases, a party may raise facts that render a case moot at anytime, even if those facts were not raised or litigated in the administrative proceedings that preceded litigation in federal court. *See Honig v. Doe*, 484 U.S. 305, 318 (1988) (finding that a student's claim for relief under the Education of the Handicapped Act, which is now the IDEA, was mooted by a fact that was raised for the first time on appeal); *Pamela R. ex rel. Thomas R.W. v. Mass. Dep't of Educ.*, 130 F.3d 477, 479 (1st Cir. 1997); *Malkentzos v. DeBuono*, 102 F.3d 50, 55 (2d Cir. 1996). Therefore, the district court had jurisdiction to consider whether Appellant was speech disabled because that fact was determinative of the court's own jurisdiction. *See Ruiz*, 536 U.S. at 628.

Because Appellant has failed to raise any grounds for reversing the district court's dismissal of his complaint, we find that the district court did not err in dismissing Appellant's complaint as moot.[6]

## B.   EPISD's Counterclaim

Appellant argues that the district court did not have jurisdiction to hear EPISD's counterclaim because the counterclaim was mooted by the fact that 20 U.S.C. § 1414(a)(2)(B)(i) no longer applied as bar to any reevaluation. Section 1414(a)(2)(B)(i) prohibits school districts from reevaluating students "more frequently than once a year, unless the parent" agrees otherwise. At the time

---

[6] In his brief, Appellant did not argue that his claims were saved by any exception to the doctrine of mootness. As a consequence, all such arguments are waived. *See Jason D.W. ex rel. Douglas W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 210 n.4 (5th Cir. 1998) ("[F]ailure to provide any legal or factual analysis of an issue . . . waives that issue.").

the district court made its decision, more than a year had passed since Appellant's last evaluation, which means § 1414(a)(2)(B)(i) no longer applied as a bar to EPISD's requested reevaluation. Because § 1414(a)(2)(B)(i) no longer applied, Appellant asserts that EPISD did not need M.L.'s consent to conduct its reevaluation and, therefore, EPISD's counterclaim was moot. Appellant's assertion is incorrect. Under the IDEA, before any reevaluation of a student can occur, a "local education agency [must] obtain informed parental consent."[7] 20 U.S.C. § 1414(c)(3). If a parent refuses to give consent, a school district must obtain an order allowing it to conduct the evaluation without parental consent. *Shelby S. ex rel. Kathleen T. v. Conroe Indep. Sch. Dist.*, 454 F.3d 450, 454-55 (5th Cir. 2006). Therefore, given M.L.'s continued refusal to consent to any reevaluation of Appellant, the fact that § 1414(a)(2)(B)(i) no longer applied did not moot the school district's counterclaim because the school district was still barred by § 1414(c)(3) from reevaluating Appellant without an administrative or judicial order. Accordingly, we conclude that the district court had jurisdiction over EPISD's counterclaim because the claim was not mooted by § 1414(a)(2)(B)(i)'s inapplicability. M.L. makes no challenge to the substance of the court's order requiring reevaluation.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM.

---

[7] The only exception to this general rule, which is inapplicable to the present dispute, is found in 20 U.S.C. § 1414(c)(3), which states, "informed parental consent need not be obtained if the local educational agency can demonstrate that it had taken reasonable measures to obtain such consent and the child's parent has failed to respond."