# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 8, 2010

No. 09-50841
Summary Calendar

Lyle W. Cayce
Clerk

EL PASO INDEPENDENT SCHOOL DISTRICT

Third Party Plaintiff - Appellee

v.

MARK BERRY

Third Party Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CV-76

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

Attorney Mark Berry ("Berry") appeals an award of attorneys' fees against him resulting from litigation against the El Paso Independent School District ("the District") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400.[1]  We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The IDEA provides federal money to states to assist them in providing a "free appropriate public education" ("FAPE") to children with disabilities.  20 U.S.C. § 1400(c).

No. 09-50841

## I.  Facts and Procedural History

This is the second appeal arising from litigation between M.L., as mother and next friend of A.L., a minor child enrolled as a student in the District, and the District.  We previously affirmed both the district court's dismissal of M.L.'s IDEA complaint and the district court's order allowing the District to reevaluate A.L. without M.L.'s consent.  *M.L. ex rel. A.L. v. El Paso Indep. Sch. Dist.*, 369 F. App'x 573 (5th Cir. 2010) (unpublished).  Here, we consider only whether the district court erred in granting summary judgment to the District on its third-party complaint requesting attorneys' fees from Berry.  We therefore give a brief synopsis of the facts and procedural history as they relate to our review of the attorneys' fee award.

In 2005 and 2006, two separate Admissions, Review, and Dismissal ("ARD") Committees identified A.L. as a student requiring speech therapy services under the IDEA.[2]  It is undisputed that A.L. missed some weekly sessions during the 2006-07 school year due to a shortage of speech therapists in the District.  The District acknowledged this issue in a letter to M.L. and offered services to compensate for missed time.  However, on October 5, 2007, an ARD Committee determined that A.L. no longer qualified for special education services for speech impairment.  M.L. disagreed with this finding and requested a reevaluation of A.L.  The Committee agreed to M.L.'s request and decided to reconvene on October 22, 2007 to review the results of the reevaluation.

M.L. subsequently retained Berry and, on October 10, 2007, filed a due process complaint with the Texas Education Agency ("TEA") requesting that the

---

[2] Under the IDEA, a disabled student is entitled to receive a FAPE that is tailored to the student's particular needs by means of an "individual educational program" ("IEP"), a written statement prepared at a meeting attended by a qualified representative of the school district, a teacher, the child's parents or guardians, and when appropriate, the child.  *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 247 (5th Cir. 1997).  In Texas, the individuals charged with preparing an IEP are known collectively as an ARD Committee.  *Id.*

No. 09-50841

District: (1) continue providing special education services for A.L.; (2) provide compensatory services for missed sessions; (3) conduct an additional ARD Committee meeting to develop goals for A.L.'s compensatory speech therapy; and (4) pay M.L.'s attorney's fees.

Meanwhile, the ARD Committee reconvened on November 1, 2007 after honoring Berry's request to postpone the October 22nd meeting. Neither M.L. nor Berry attended the November 1st meeting, even though Berry was told the meeting would take place regardless of settlement negotiations. At that meeting, the ARD Committee again concluded that A.L. no longer met eligibility criteria for speech therapy services. However, because of the pending due process complaint, the Committee recommended that A.L. remain in speech therapy pursuant to the IDEA's "stay put" provisions[3] and that, subject to parental consent, he undergo another full, individual evaluation ("FIE") to determine whether he suffered from any other disabilities.[4]

The District sent Berry a copy of the ARD Committee meeting report and a parental consent form for the FIE. The District also made a settlement offer of one hour of compensatory services for each hour A.L. missed beginning in 2005 and attorney's fees. M.L. and her counsel did not respond to this offer, and M.L. refused to consent to the additional FIE for A.L.

After the filing of the due process complaint, the District made several additional settlement offers to M.L. Two of these offers, sent in November of

---

[3] The "stay put" provisions of the IDEA provide that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child . . . ." 20 U.S.C. § 1415(j).

[4] The IDEA has a comprehensive scheme to evaluate each student in order to meet the educational goals of the IDEA, including reevaluation of the student after a designated time period or as needed. 20 U.S.C. § 1414. However, a parent and the local educational agency must agree to conduct a reevaluation of a child more frequently than once a year. 20 U.S.C. § 1414(a)(2)(B)(i).

No. 09-50841

2007, again provided for one hour of compensatory speech therapy services for each hour missed, as well as Berry's requested attorney's fees. The offers also stated that the District would provide A.L. with an independent speech and language evaluation, and a letter accompanying the offers stated that the number of hours of compensatory services was open for discussion. Even though these offers provided all requested relief, M.L. and Berry did not accept them.

Thereafter, the District moved to dismiss M.L.'s due process complaint as moot because it had offered A.L. all requested relief. The District also filed a counterclaim seeking to reevaluate A.L. without his mother's consent. On December 7, 2007, the TEA-assigned Special Education Hearing Officer ("SEHO") granted the District's motion to dismiss after finding M.L.'s claims moot because the District had offered all requested relief and the District was in the process of correcting the problems M.L. raised before M.L. filed the due process complaint. After a hearing on the District's counterclaim, the SEHO ruled against the District, finding that the IDEA prohibited A.L.'s reevaluation because the District had already evaluated him once that year and M.L. refused to consent to an additional evaluation.

Aggrieved by the dismissal of the due process complaint, M.L. filed an original complaint in federal district court seeking reinstatement of the administrative case, an order that A.L. receive a hearing, and attorney's fees. The District then filed a counterclaim seeking review of the SEHO's decision refusing to override M.L.'s consent and a third-party complaint against Berry for attorneys' fees as a "prevailing party" under the IDEA. In its third-party complaint, the District alleged that Berry filed a complaint or subsequent cause of action that was frivolous, unreasonable, or without foundation and that Berry continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation. *See* 20 U.S.C. § 1415(i)(3)(B)(i)(II). The District also alleged that Berry presented the complaint or subsequent cause of action for an

4

improper purpose, including to harass, cause unnecessary delay, or needlessly increase the cost of litigation. *See* 20 U.S.C. § 1415(i)(3)(B)(i)(III).

In April 2009, the district court granted the District's motion for summary judgment on its counterclaim and denied M.L.'s motion for summary judgment seeking to reinstate the administrative case ("April 2009 Order"). *M.L. ex rel. A.L. v. El Paso Indep. Sch. Dist.*, 610 F. Supp. 2d 582 (W.D. Tex. 2009). The court found it undisputed that the ARD Committee determined first on October 5 and then again on November 1, 2007 that A.L. no longer had a speech impediment and therefore did not require speech therapy services. M.L. did not dispute these findings in either the due process or judicial complaints. Thus, the district court dismissed M.L.'s claims for compensatory services as moot because A.L. no longer had a disability requiring speech therapy. The district court also ruled in the District's favor on its counterclaim, effectively overriding the requirement that the District obtain M.L.'s consent for A.L.'s reevaluation. In an unpublished opinion, we affirmed the district court's holdings on both issues.[5] *M.L. ex. rel. A.L.*, 369 F. App'x at 576 n.4.

Following the April 2009 Order, the District filed a motion for summary judgment on its third-party complaint seeking attorneys' fees from Berry. In awarding fees to the District, the district court first noted that Berry did not dispute that the District was the "prevailing party" and that the April 2009 Order was an enforceable judgment that caused a material alteration in the parties' relationship. In analyzing whether Berry continued to litigate improperly, the district court made several findings as to Berry's behavior based upon the undisputed facts presented. First, Berry never contested the ARD Committee's decisions in 2007 that A.L. was no longer eligible to receive compensatory services and, therefore, those claims were moot. Berry also

---

[5] As to M.L.'s claims, we found that a request for "compensatory" speech therapy for a non-existent disability did not present a "live" case or controversy. 369 F. App'x at 576 n.4.

rejected the District's settlement offers of full relief despite the arguably moot claims. Finally, Berry stonewalled attempts to resolve any dispute with the District by refusing to allow a reevaluation of A.L., by not participating in the ARD Committee process, and by refusing the District's efforts to provide A.L. with a FAPE. Thus, the court found it had discretion to award attorneys' fees to the District because Berry continued to litigate a claim that had clearly become frivolous, unreasonable, and without foundation. Although the District sought over $80,000 in fees, the court awarded only $10,000 after concluding that the District's own failures in providing speech therapy services to A.L. contributed to the existence of the initial dispute and that the District should not recover for work done on its counterclaim.[6] Berry timely appealed.

## II. Standard of Review

We review a grant of summary judgment de novo, applying the same legal standard as the district court. *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). We view summary judgment evidence in the light most favorable to the nonmovant, with all factual inferences drawn in the nonmovant's favor. *Chiu v. Plano Indep. Sch. Dist.*, 339 F.3d 273, 279 (5th Cir. 2003). We may "affirm a grant of summary judgment on any grounds supported by the record and presented to the [district] court." *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008).

---

[6] In relation to the District's counterclaim, the district court concluded that it was unclear whether the IDEA fee-shifting provisions contemplated an attorneys' fee award for counterclaims. Because the district court did not base the award on the counterclaim, we do not reach this issue. We also assume without deciding that Berry's complaint was an "action or proceeding" under § 1415, as Berry waived any argument to the contrary by failing to raise the issue until his reply brief. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("As a general rule, this Court does not review issues raised for the first time on appeal.").

The IDEA provides a court with discretion to award attorneys' fees to a "prevailing party." 20 U.S.C. § 1415(i)(3)(B)(i)(II). Whether a party qualifies as a "prevailing party" is "a legal question subject to de novo review." *Bailey v. Mississippi*, 407 F.3d 684, 687 (5th Cir. 2005). Even if the standards for awarding attorneys' fees are met, the district court is vested with discretion as to whether or not to award them. *El Paso Indep. Sch. Dist v. Richard R.*, 591 F.3d 417, 425 n.9 (5th Cir. 2009), *cert. denied,* 130 S. Ct. 3467 (2010).

### III. Discussion

**A. Our Jurisdiction To Hear the Attorneys' Fee Claim**

As a threshold matter, we conclude that we have jurisdiction to consider the District's attorneys' fee claim, as the IDEA authorizes an action solely to recover attorneys' fees.[7] *Richard R.*, 591 F.3d at 422 n.4; *P.N. v. Seattle Sch. Dist.*, 474 F.3d 1165, 1169–70, 1174 (9th Cir. 2007) (same). An appellate court may consider whether a party is a "prevailing party" for purposes of an attorneys' fee award even if the underlying claim is dismissed as moot prior to a final decision on the merits. *Compare Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603–05 (2001) (determining whether one party was entitled to attorneys' fees as a "prevailing party" even though the underlying case was mooted by legislation eliminating the provisions at issue), and *District of Columbia v. Straus*, 590 F.3d 898, 900–02 (D.C. Cir. 2010) (considering whether a school district was a "prevailing party" under the IDEA after a hearing officer dismissed the underlying case as moot), *with Lewis*

---

[7] We note that other fee-shifting provisions, such as 42 U.S.C. § 1988, do not allow suits solely for attorneys' fees incurred in non-judicial proceedings. *Citizens for a Better Env't v. The Steel Co.*, 230 F.3d 923, 928 (7th Cir. 2000); *W.G. v. Senatore*, 18 F.3d 60, 64 (2d Cir. 1994) (noting that fee-shifting provisions cannot themselves confer subject matter jurisdiction, but must instead be read in conjunction with substantive statutes to establish proper jurisdiction over fee applications). Thus, a lack of subject matter jurisdiction over the underlying substantive claim bars a court's jurisdiction over the accompanying § 1988 claim for attorneys' fees. Here, however, both the SEHO and the district court had subject matter jurisdiction over the claim at the outset.

*v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990) (stating that an interest in attorneys' fees is insufficient to create an Article III case or controversy where none existed on the merits of the underlying claim), and *Board of Educ. v. Nathan R.*, 199 F.3d 377, 381–82 (7th Cir. 2000) (refusing to consider whether parents qualified as "prevailing parties" on certain moot claims because the court had no jurisdiction over the merits of those underlying claims).

Here, M.L.'s claims against the District were not moot at the time of the filing of the due process complaint or the appeal to the district court, because the parties disputed the effect of the District's failure to provide the originally required hours of compensatory speech therapy services.[8] This dispute became moot only after Berry failed to contest the ARD Committee's findings and the district court found by a preponderance of the evidence that A.L. no longer qualified for compensatory services. We have found that "a determination of mootness neither precludes nor is precluded by an award of attorneys' fees." *Staley v. Harris Cnty.*, 485 F.3d 305, 314 (5th Cir. 2007) (en banc). Rather, the attorneys' fee question turns on a wholly independent consideration: whether the plaintiff is the "prevailing party." *Id.* (citing *Doe v. Marshall*, 622 F.2d 118, 120 (5th Cir. 1980)). Therefore, because we have jurisdiction over the attorneys' fees claim, we turn to whether the District qualifies as a "prevailing party."

**B. The District Qualifies as a "Prevailing Party"**

We conclude that Berry waived any argument on the threshold question of whether the District was a "prevailing party" for purposes of an attorneys' fee award under the IDEA. We have applied the Supreme Court's decision in *Buckhannon* in the IDEA context and have held that, to be a "prevailing

---

[8] Because the SEHO and the district court had jurisdiction over the case when it was filed, we do not decide whether we would have jurisdiction to award attorneys' fees under the IDEA if M.L.'s complaint was moot at the outset of the litigation.

party," a litigant must procure "some judicial *imprimatur* on a material alteration of the legal relationship." 532 U.S. at 603–05 (rejecting the "catalyst theory" and finding that a "defendant's voluntary change in conduct, . . . lacks the necessary judicial *imprimatur* on the change" to warrant "prevailing party" status); *Richard R.*, 591 F.3d at 421–22 (finding that, in the IDEA context, a "prevailing party" is one that attains a remedy that both (1) alters the legal relationship between the school district and the handicapped child and (2) fosters the purposes of the IDEA).

Berry waived any argument on this issue by not refuting the District's assertion that it qualified as a "prevailing party" in his response to the District's motion for summary judgment on its third-party complaint. The scope of appellate review on a summary judgment order is limited to matters presented to the district court. *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339 (5th Cir. 2005).[9] If a party fails to assert a legal reason why summary judgment should not be granted, it waives that ground and it cannot be considered or raised on appeal. *Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002) (finding issues were not preserved on appeal when they were not mentioned, much less argued, in various summary judgment motions and responses). We do not consider such issues raised for the first time on appeal. *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005)*; Yohey*, 985 F.2d at 225.[10]

---

[9] Berry's cursory reference to the lack of a basis for the District's "prevailing party" status in his separate motion to dismiss the third-party complaint—filed and denied before the motion for summary judgment in question—will not suffice to preserve the issue. This motion was not a "response" to the summary judgment motion, and even if it had been, Berry provided no legal support for his argument. *See Maverick Recording Co. v. Harper*, 598 F.3d 193, 198 (5th Cir. 2010), *pet. for cert. filed*, No. 10-94 (U.S. May 26, 2010) (citing *Keelan*, 407 F.3d at 339, and finding that a party did not preserve a point for appeal by presenting it in cursory fashion in a response to a summary judgment motion).

[10] In any event, the April 2009 Order did cause a material alteration in the parties' relationship, as the district court found that M.L.'s claims were moot only after first finding

No. 09-50841

Because Berry waived any argument that the District was not a "prevailing party," we turn to the question of whether the district court erred in awarding attorneys' fees to the District.[11]

## C. Berry Continued To Litigate Claims After They Became Frivolous

The IDEA provides that: "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees . . . to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent *who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation . . . .*" 20 U.S.C. § 1415(i)(3)(B)(i)(II) (emphasis added).  In a prior case involving Berry, we noted that extended litigation under the IDEA is disfavored due to the heavy costs it imposes on litigants and the resulting delays in implementing an appropriate educational plan for disabled children.  *Richard R.*, 591 F.3d at

---

by a preponderance of the evidence that A.L. no longer suffered from a speech impediment and was therefore ineligible for compensatory services.  Such a finding grants the District judicial relief by foreclosing M.L.'s claim that the District must provide compensatory services to A.L. *See District of Columbia v. Jeppsen*, 514 F.3d 1287, 1290 (D.C. Cir. 2008) (noting that "a defendant might be as much rewarded by a dispositive order that forever forecloses the suit on a procedural or remedial ground as by a favorable judgment on the merits"); *Citizens for a Better Env't*, 230 F.3d at 930 (holding that "when a dismissal for want of jurisdiction forecloses the plaintiff's claim, the defendant is the 'prevailing party'").  Thus, we conclude that this case is distinguishable from *Straus*, repeatedly cited in Berry's brief.  *See* 590 F.3d at 901–02 (finding that school was not a "prevailing party" when the SEHO dismissed the case as moot *solely* because the school offered complete relief).

[11] Because we find that the District is a "prevailing party" under § 1415(i)(3)(B)(i)(II), we do not address the District's alternative argument that it qualifies as a "prevailing State educational agency or local educational agency" entitled to attorneys' fees under § 1415(i)(3)(B)(i)(III).

No. 09-50841

429 n.14.   The IDEA endorses settlement agreements and envisions that parties will cooperate in resolving disputes.[12]   *Id.* at 425–26.

Keeping the purposes of the IDEA in mind, we conclude that the district court did not err in awarding fees to the District under the unique facts of this case.[13]   Even if the initial filing of M.L.'s due process complaint was reasonable, the IDEA allows for an award of attorneys' fees for continuing to litigate after a claim clearly becomes frivolous, unreasonable, or without foundation.[14]   During the course of the litigation, Berry never challenged the ARD Committee's findings that A.L. no longer qualified for compensatory speech therapy services.   Not only did Berry continue to litigate claims for services that were unnecessary perhaps as early as October 5, 2007, but also Berry advised his client not to accept the District's offers of full relief.   *Cf. District of Columbia v. Ijeabuonwu*, 631 F. Supp. 2d 101, 105 (D.D.C. 2009) (granting a motion for summary judgment for attorneys' fees under the IDEA after finding that a party was not reasonable to continue through the administrative process after it received all requested relief, as this left no substantive disputes to litigate).

---

[12] For example, the IDEA bars an award of attorneys' fees for work performed after a written settlement offer if that work does not produce more favorable results than the offer. 20 U.S.C. § 1415(i)(3)(D)(i).   The IDEA also provides for a reduction in a fee award when a parent or parent's attorney unreasonably protracts final resolution of a controversy.   20 U.S.C. § 1415(i)(3)(F)(i); *See Richard R.*, 591 F.3d at 429–30 (concluding that the district court abused its discretion in awarding attorneys' fees to the plaintiff for work done before a written settlement offer providing all requested relief, as refusing to accept that offer constituted unreasonable protraction of the litigation); *Douglas W. ex. rel. Jason D.W. v. Hous. Indep. Sch. Dist.*, 158 F.3d 205, 211 (5th Cir. 1998) (finding that failure to settle can constitute protraction under § 1415(i)(3)(F) and thus warrant a reduction in a parent's attorneys' fee award).

[13] Berry does not contest the district court's calculation of the attorneys' fee award or its decision to reduce that award.   Thus, we only consider Berry's challenge to the awarding of any attorneys' fees at all.

[14] Notably, the district court did not base the attorneys' fee award on the initial stages of litigation.

No. 09-50841

Berry insists that "refusing to accept a settlement offer" cannot be grounds for an attorneys' fee award and justifies the rejection of the District's offers by citing alleged ambiguities in the case law as to their judicial enforceability.[15] Berry's arguments are tenuous at best, as the IDEA provides for the enforceability of settlement agreements[16] and Berry seemed to concede that one of the November 2007 offers was enforceable in his response to the District's motion for summary judgment.[17] Even assuming that it was reasonable to reject the District's offers, this case presents more than a "refusal to settle." Instead, this case involves an attorney repeatedly prolonging litigation and stonewalling efforts to conclude it to the detriment of his client—A.L.—who continued receiving services under an old and unnecessary plan while the "grown-ups" fought.

As further support for the award, the district court noted that Berry continued to resist the District's efforts to provide A.L. with a FAPE almost a year after filing the due process complaint and ten months after the District offered all requested relief. As an example of Berry's resistance, the court cited an incident where Berry and M.L. attended an ARD Committee meeting on October 2, 2008 only to announce that they would rely on the IDEA's "stay put" provisions and would not agree to any changes to A.L.'s IEP. The two then left

---

[15] Specifically, Berry argued that the District's settlement offers constituted "private settlement agreements" and that, based on a district court decision, such agreements would lack force in either federal or state court. *See El Paso Indep. Sch. Dist. v. Richard R.*, 567 F. Supp. 2d 918, 934 (W.D. Tex. 2008). However, the district court in this case found that the District's settlement offers were substantively different than the offer at issue in *Richard R.* Most notably, the offer in *Richard R.* did not allow for substantive judicial review, while at least one of the District's proposed settlement agreements stipulated to the enforceability of the agreement in a state or federal court.

[16] *See* 20 U.S.C. § 1415(f)(1)(B)(iii)(II).

[17] Berry stated that the District's second settlement agreement would be enforceable pursuant to § 1415(e)(2)(F)(iii), but M.L. did not accept it because it allegedly deprived her of the right to contest an ARD Committee decision to remove A.L. from special education.

the meeting.  The district court found that Berry's stonewalling tactics resulted in the continuation of services for A.L. under a three-year old IEP for a speech impediment from which he no longer suffered.  At the same time, Berry and M.L. refused to allow the District to evaluate A.L. for services from which he might actually benefit.  We agree with Berry that attorneys' fees against the parents' attorney in an IDEA case are not automatic and must be based on unreasonable or harassing conduct.  Given Berry's extreme and—we hope—unique combination of behaviors, including the refusal to accept all offered relief, the continued litigation of a claim for compensatory services arguably unnecessary as early as October 2007, and stonewalling tactics, we conclude that the district court properly determined from the undisputed evidence that Berry continued to litigate claims after they clearly became frivolous, unreasonable, and without foundation such that an award of attorneys' fees to the District was permissible.

## D. Berry's Rule 11 Argument

Berry provides no legal authority for his argument that the District was required to comply with Rule 11's "safe harbor" provisions when bringing a claim for attorneys' fees under the IDEA.  As the District sought attorneys' fees under the IDEA, not Rule 11, this argument lacks merit. *Douglas W.,* 158 F.3d at 210–11 n.4 ("failure to provide any legal or factual analysis of an issue on appeal waives that issue").

## IV. Conclusion

We AFFIRM the district court's grant of summary judgment for the District on its attorneys' fees claim against Berry.